IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LARRY P. WELLS, #299481**                                                 **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO.  1:07-cv-1179-LG-RHW**

**GULFPORT POLICE DEPARTMENT TASK FORCE,
UNKNOWN WALKER, UNKNOWN BRADLEY,
and UNKNOWN GRIMES**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Harrison County Detention Center, Gulfport, Mississippi, at the time he filed the instant civil action on November 2, 2007, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On December 13, 2007, this Court entered an order [6] directing the Plaintiff to file a written response, within twenty days.  This order warned Plaintiff that failure to keep this Court informed of his current address or his failure to timely comply with a court order could result in the dismissal of this case.  The envelope [7] containing this order was returned on December 27, 2007, with the notation by the postal service "return to sender - refused."

On January 30, 2008, an order [8] was entered directing Plaintiff, within twenty days, to show cause why this case should not be dismissed for his failure to comply with the Court's December 13, 2007 order.  In addition, Plaintiff was directed to comply with the order by filing his written response, within twenty days.  This order also warned the Plaintiff that failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may lead to the dismissal of his case, without further notice.  The envelope [9] containing this order was returned on February 12, 2008, with the notation by the postal service

"return to sender - refused."

The Plaintiff was warned previously by this Court in the notice of assignment as well as the order [3] entered November 2, 2007, which he received and filed a response [4] on November 16, 2007, that his failure to keep this Court informed of his current address or his failure to timely comply with a court order could result in the dismissal of this case.

According to the court record, the Plaintiff has failed to keep this Court informed of his current address, and he has failed to comply with two orders of this Court.  Out of an abundance of caution, the Court attempted to locate Wells on the Mississippi Department of Corrections website to no avail.  It is apparent from the Plaintiff's failure to communicate with this Court concerning his current address that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under FED. R. CIV. P.41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

The Plaintiff has not provided a forwarding address nor has he contacted this Court since November 16, 2007.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the

Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, No. 05-31009, 2006 WL 2852389 at *2 (5th Cir. Oct. 2, 2006).

    IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    **SO ORDERED AND ADJUDGED** this the 17th day of March, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE